IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA LEE CURETON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    Case No. 3:25-cv-1416-DWD |
| | ) |
| WARDEN LILLARD, FPC Greenville, | ) |
| and ACTING WARDEN, FPC Greenville, | ) |
| | ) |
|     Respondents.[1] | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at Greenville FPC, filed a Petition for a Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241. The Petition is before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.[2] That rule states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

---

[1]The website for the Bureau of Prisons indicates Petitioner, after the filing of her Petition in this case, was transferred to FCI Pekin. However, "[w]hether the court has jurisdiction over the custodian is determined at the time the petition is filed." *Ross v. Mebane*, 536 F.2d 1199, 1201 (7th Cir. 1976) (citing *Smith v. Campbell*, 450 F.2d 829, 831-832 (9th Cir. 1971); *Harris v. Ciccone*, 417 F.2d 479, 480 n. 1 (8th Cir. 1969), certiorari denied, 397 U.S. 1078 (1970); *Bishop v. Med. Superintendent of Ionia State Hosp.*, 377 F.2d 467, 468 (6th Cir. 1967)); *accord Roeding v. Warden of FCI Greenville*, No. 19-cv-959, 2021 WL 3631150, *1 (July 13, 2021). Therefore, while Petitioner was transferred to FCI Pekin, the Court retains jurisdiction over Respondent(s).

[2]Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241 and involves a federal conviction and federal custody, the Rules Governing Section 2254 Cases in the U.S. District Courts can be applied. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

Petitioner indicates she was convicted and sentenced in the Eastern District of Tennessee for conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of methamphetamine. (Doc. 1, pg. 1). She was sentenced to 168 months of imprisonment. (Doc. 1, pg. 1). Petitioner outlines three unsuccessful administrative appeals in her Petition. (Doc. 1, pgs. 1-2). Further, Petitioner raises four similar grounds for relief. (Doc. 1, pgs. 6-7). In sum, Petitioner seeks a "ruling…that the FBOP/RRM/RRC calculate my full FSA FTC's(+) SCA in its entirety and accurately to immediately transfer me to direct home confinement as I am lawfully entitled to." (Doc. 1, pg. 7). Petitioner suggests an entitlement to pre-release custody on August 15, 2025. (Doc. 1, pg. 7).

Here, given the limited record and arguments, it does not "plainly appear[] from the petition" that Petitioner is entitled to no habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle*, 545 U.S. at 663. Accordingly, without commenting on the merits of Petitioner's four similar grounds for relief, the Court **FINDS** the Petition survives a Rule 4 preliminary review. Respondent(s) is **DIRECTED** to file an answer or other pleading by **September 10, 2025**. Petitioner then has until **October 10, 2025**, to file a Reply. This Memorandum & Order does not preclude Respondent(s) from raising any objection or defense to the Petition. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service. Petitioner is **ADVISED** of the obligation to keep the Clerk of the Court and Respondent(s) apprised of changes in her address. She shall notify the Clerk of the Court and Respondent(s) of any change of address, in writing, within 14 days. The failure to do so could result in a dismissal. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: August 11, 2025

*s/ David W. Dugan*

DAVID W. DUGAN
United States District Judge